IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 13-364-SLR |
| | ) |
| | ) |
| JACK MARKELL, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

1. **Background.** Presently pending before the court is petitioner's application for federal habeas relief. After reviewing the State's answer (D.I. 13), it has become apparent to the court that petitioner's application challenges two separate convictions entered by two different Delaware courts at two different times. For instance, claims one and four of the application raise the following two challenges to petitioner's misdemeanor convictions in the Delaware Court of Common Pleas, ID. No. 0902010151: (1) petitioner was denied his right to appeal (claim one); and (2) the misdemeanor convictions violate his right to be protected against double jeopardy (claim four). In contrast, five claims of the application challenge petitioner's convictions in the Delaware Superior Court, ID No. 0908020496: (1) defense counsel provided ineffective assistance of counsel (claim two); (2) his arrest was illegal based on the location of the offenses (claim three); (3) the prosecution failed to disclose evidence of his innocence (claim five); (4) his arrest was unlawful (claim six); and (5) he was unlawfully seized (claim seven).

2. Finally, claim eight of the application alleges that petitioner suffered head trauma from assaults that occurred both in prison and in the court house.

3. The State asserts that petitioner has not exhausted state remedies for the five claims challenging his Superior Court convictions, because a timely filed Rule 61 motion raising those same claims is presently pending before the Delaware Superior Court. (D.I. 13, at 8-10) The State also contends that claim eight fails to assert an issue cognizable on federal habeas review and that, to the extent this claim may be raised, it mus be presented pursuant to 42 U.S.C. § 1983. Finally, the State contends that the court should sever the five claims challenging petitioner's Superior Court convictions because they cannot be presented in the same application with claims challenging petitioner's Court of Common Pleas convictions. The State further asserts that, once these five claims are severed, they must be dismissed without prejudice for failure to exhaust state remedies.

4. **Standard of Review.** Federal habeas relief is only available to a state prisoner if he alleges he "is in custody in violation of the Constitution of laws . . . of the United States." See 28 U.S.C. § 2254(a) and (d). In turn, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v.

*Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

5. Additionally, pursuant to Rule 2(e) of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."

6. **Discussion.** In claim eight, petitioner alleges that he has suffered head trauma while in prison and in the court house. Because this claim fails to challenge the legality of petitioner's conviction or sentence, it fails to assert a claim cognizable on federal habeas review. If petitioner wishes to pursue this claim, it must be brought as a civil rights action under 42 U.S.C. § 1983. Accordingly, the court will dismiss without prejudice claim eight.

7. With respect to the remaining seven claims, petitioner improperly attempts to challenge two different judgments of conviction rendered by two different Delaware state courts in one habeas application. In turn, the record supports the State's assertion that the five claims challenging petitioner's convictions in the Delaware Superior Court, ID No. 0908020496, are unexhausted. Given these circumstances, the court will dismiss without prejudice the five unexhausted claims (claims two, three, five, six and seven) challenging petitioner's convictions in the Superior Court, ID No. 0908020496. If petitioner wishes to pursue relief for these claims, he must raise them in a separate habeas application challenging only his Superior Court convictions (ID No. 0908020496).[1] Claims one and four, which challenge petitioner's convictions in the

---

[1]The court notes that any claims raised in a new habeas application will be subject to the exhaustion requirement and the one-year limitations period. Petitioner is

3

Court of Common Pleas, ID No. 0902010151, will remain pending before the court in this proceeding.

8. **Conclusion.** For the above reasons, the court will dismiss without prejudice claim eight because it does not assert an issue cognizable on federal habeas review. The court will also dismiss without prejudice the five claims (claims two, three, five, six, and seven) challenging petitioner's convictions in the Delaware Superior Court, ID No. 0908020496, because they are unexhausted and because they improperly challenge a different conviction. Finally, the remaining two claims (claims one and four) challenging petitioner's convictions in the Court of Common Pleas, ID No. 0902010151, will continue on in this proceeding. A separate order shall issue. See Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: February 19, 2014

_____
UNITED STATES DISTRICT JUDGE

---

responsible for determining the events that trigger and toll the limitations period, as well as the time remaining in the limitations period once it starts again after such tolling.