## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 13-364-SLR |
| | ) |
| PHIL MORGAN, Warden, | ) |
| and ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

Peter Kostyshyn.  Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

### MEMORANDUM OPINION

April   15 , 2014
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Currently before the court is Peter Kostyshyn's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1) and, alternatively, as meritless.

## II. BACKGROUND

### A. Delaware Court Proceedings

#### 1. Court of Common Pleas ID No. 0902010151

On February 12, 2009, New Castle County code enforcement officer Donna Thompson was inside 1201 Brandywine Boulevard, a vacant property owned by petitioner. (D.I. 13 at 1) The property had been declared unfit for human habitation because it was structurally unsound and its roof needed major repairs. North East Construction Company had applied for a construction permit to make repairs to the property which, in turn, permitted New Castle County code enforcement officers to inspect the premises. At approximately 8:45 a.m., petitioner and his sister Patricia Kostyshyn arrived at the property. Petitioner entered the residence and demanded to know who was present. Thompson twice announced "New Castle County Code Enforcement." Petitioner confronted Thompson, and yelled at her that she did not have a search warrant and had no right to be present. When Thompson attempted to place a call to 911 on her cell phone, petitioner knocked the phone out of her hand, and the phone broke. Petitioner then began to punch Thompson with closed fists until three

employees of the North East Construction Company intervened. Thompson suffered a bruise to the back of her head and a cut to her right middle finger. *Id.* at 1-2.

In February 2009, petitioner was charged with third degree assault, malicious interference with emergency communications, menacing, three counts of offensive touching, criminal mischief, and disorderly conduct. (D.I. 13 at 2) On March 26, 2010, the Court of Common Pleas determined that petitioner had forfeited his right to appointed counsel, and permitted his counsel to withdraw. On May 14, 2010, a jury found petitioner guilty of all charges, and the Court of Common Pleas sentenced petitioner to a total of one year and ten months imprisonment on July 23, 2010. However, prior to his sentencing, petitioner filed two notices of appeal: one in the Delaware Superior Court on July 19, 2010, and one in the Delaware Supreme Court on July 22, 2010. *Id.* at 2-3. The Superior Court rejected petitioner's appeal for failure to include the filing fee. *See Kostyshyn v. State,* 3 A.3d 1097 (Table), 2010 WL 3398943 (Del. Aug. 30, 2010). On August 30, 2010, the Delaware Supreme Court dismissed petitioner's appeal, but directed the Superior Court to docket his appeal in that court, effective July 23, 2010. *Id.*

On February 10, 2011, the Superior Court dismissed petitioner's appeal for failing to either file an application to proceed in forma pauperis or pay the $100 fee. (D.I. 15, Del. Super. Crim. Dkt. ID No. 0902010151, Entry No. 17) Petitioner filed a motion for re-argument. (D.I. 15, Del. Super. Crim. Dkt. ID No. 0902010151, Entry No. 18) After holding an evidentiary hearing and determining that petitioner was not indigent, the Superior Court denied the motion for re-argument on February 25, 2011. (D.I. 15, Del. Super. Crim. Dkt. ID No. 0902010151 Entry No. 18) In March 2011, petitioner filed two

2

petitions for an extraordinary writ of mandamus in the Delaware Supreme Court. *See In re Kostyshyn,* 19 A.3d 301 (Table), 2011 WL 1572566 (Del. Apr. 26, 2011)(submitted Mar. 29, 2011); *In re Kostyshyn,* 19 A.3d 301 (Table), 2011 WL 1584308 (Del. Apr. 27, 2011)(submitted Mar. 15, 2011). The Delaware Supreme Court denied one petition on April 26, 2011 and the other petition on April 27, 2011. *See In re Kostyshyn,* 2011 WL 1572566; *In re Kostyshyn,* 2011 WL 1584308. Petitioner filed a third petition for an extraordinary writ of mandamus asking the Delaware Supreme Court to reopen the criminal proceedings in Court of Common Pleas ID No. 0902010151. *See In re Kostyshyn,* 23 A.3d 865 (Table), 2011 WL 2696357 (Del. July 12, 2011), *reh'g denied,* (July 27, 2011). The Delaware Supreme Court denied the petition on July 12, 2011, stating that petitioner's "sole remedy is to seek post-conviction relief" pursuant to Delaware Common Pleas Court Criminal Rule 61. *Id.* at *1 n.1 Petitioner filed a motion for re-argument, which the Delaware Supreme Court denied on July 27, 2011. *Id.;* (D.I. 15, Del. Super. Crim. Dkt. ID No. 0902010151, Entry No. 20)

On April 30, 2013, petitioner filed in the Court of Common Pleas a motion for post-conviction relief pursuant to Delaware Common Pleas Court Criminal Rule 61. (D.I. 15, Ct. C. Pl. Crim. Dkt. Entry Date 4/30/2013 and 10/03/2013) On October 3, 2013 the Court of Common Pleas denied the motion as time barred under Delaware Court of Common Pleas Criminal Rule 61(1). (D.I. 15, Ct. C. Pl. Crim. Dkt. ID No. 0902010151, Entry Date 10/03/2013) Petitioner filed a motion for reargument on October 17, 2013, which the Court of Common Pleas denied on October 23, 2013. (D.I. 15, Ct. C. Pl. Crim. Dkt. ID No. 0902010151, Entry Date 10/17/2013 and Dkt. Entry Date 10/23/2013)

3

### 2. Superior Court ID No. 0908020496

On August 22, 2009, a person living next to petitioner's house took out his garbage. Petitioner was working on the ground with a pickax, and threatened to stick the pickax into the individual. *See Kostyshyn v. State*, 51 A.3d 416 (Del. 2012).

In November 2010, a Delaware Superior Court jury convicted petitioner of aggravated menacing, possession of a deadly weapon during the commission of a felony, and terroristic threatening. *See In re Kostyshyn*, 72 A.3d 501 (Table), 2013 WL 3788235, at *1 (Del. July 16, 2013). The Superior Court sentenced petitioner to a total period of twelve years at Level V incarceration, to be suspended after serving seven years in prison for decreasing levels of supervision. *Id.* The Delaware Supreme Court affirmed petitioner's convictions and sentence on direct appeal. *See Kostyshyn*, 51 A.3d 416.

Petitioner filed a pro se motion for post-conviction relief pursuant to Rule 61 in June 2013. (D.I. 15, Del. Super. Crim. Dkt. Entry No. 143) The Superior Court appointed conflict counsel to represent petitioner during his Rule 61 proceeding. (D.I. 15, Del. Super. Crim. Dkt. Entry No. 143) Conflict counsel requested, and was granted, an extension of time to file a new Rule 61 motion on petitioner's behalf. (D.I. 15, Del. Super. Crim. Dkt. Entry No. 152)

### B. Proceedings in the United States District Court of Delaware

Over the years, petitioner has filed several federal habeas applications raising similar claims challenging his conviction in the Court of Common Pleas and his conviction in the Superior Court. The court dismissed these applications without prejudice for failure to exhaust state remedies. *See Kostyhsyn v. Morgan*, C.A. No. 10-

4

891-SLR (challenging Ct. C. Pl. ID No. 0902010151); *Kostyshyn v. Herlihy*, C.A. No. 10-975-SLR (challenging Del. Super. ID No. 0908020496); *Kostyshyn v. Danberg*, C.A. No. 11-520-SLR (challenging Del. Super. ID No. 0908020496); *Kostyshyn v. Danberg*, C.A. No. 11-521-SLR (challenging Ct. C. Pl. ID No. 0902010151); *Kostyshyn v. Danberg*, C.A. No. 11-550-SLR (challenging Ct. C. Pl. ID No. 0902010151); *Kostyshyn v. Markell*, C.A. No. 11-551-SLR (challenging Del. Super. ID No. 0908020496); *Kostyshyn v. Danberg*, C.A. No. 11-1002-SLR (challenging both Ct.C. Pl. ID No. 0902010151 and Del. Super. ID No. 0908020496); *Kostyshyn v. Morgan*, C.A. No.12-508-SLR (challenging Del. Super. ID No. 0908020496); *Kostyshyn v. Morgan*, C.A. No.12-527-SLR (challenging Del. Super. ID No. 0908020496).

The instant application for federal habeas relief was docketed in this court in March 2013. (D.I. 1) As filed, the application asserted eight claims for relief. After reviewing the State's answer, it became apparent that petitioner's application challenged convictions entered by the Superior Court and convictions entered by the Court of Common Pleas. Specifically, claims one and four of the application raised the following two challenges to petitioner's misdemeanor convictions in the Delaware Court of Common Pleas, ID. No. 0902010151: (1) petitioner was denied his right to appeal (claim one); and (2) the misdemeanor convictions violate his right to be protected against double jeopardy (claim four). In contrast, five claims of the application challenged petitioner's convictions in the Delaware Superior Court, ID No. 0908020496: (1) defense counsel provided ineffective assistance of counsel (claim two); (2) his arrest was illegal based on the location of the offenses (claim three); (3) the prosecution failed to disclose evidence of his innocence (claim five); (4) his arrest was unlawful (claim six);

5

and (5) he was unlawfully seized (claim seven). Claim eight of the application alleged

that petitioner suffered head trauma from assaults that occurred both in prison and in

the court house.

In a memorandum and order dated February 19, 2014, the court dismissed claim

eight without prejudice for failure to state a claim cognizable on federal habeas review.

The court also dismissed claims two, three, five, six, and seven without prejudice for two

reasons: (1) petitioner has not exhausted state remedies for these five claims because

his Rule 61 motion is still pending before the Superior Court; and (2) a habeas

application can challenge only one conviction, and petitioner's application improperly

challenged two different convictions. The court dismissed claims two, three, five, six

and seven rather than claims one and four because the aforementioned five claims

were unexhausted.[1] Finally, the court ordered that claims one and four were to remain

pending before the court in the instant proceeding: Civ. A. No. 13-364-SLR. (D.I. 25;

D.I. 26) The State's answer asserts that claims one and four should be dismissed as

time-barred. (D.I. 13)

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed

into law by the President on April 23, 1996, and it prescribes a one-year period of

limitations for the filing of habeas petitions by state prisoners. 28 U.S.C.

§ 2244(d)(1). The one-year limitations period begins to run from the latest of:

---

[1]If petitioner intends on filing a separate habeas application regarding the five claims challenging his Superior Court convictions, ID No. 0908020496, he is reminded that he is responsible for determining the events that trigger and toll AEDPA's one-year limitations period.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated 2013, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Court of Common Pleas sentenced petitioner on July 23, 2010. Petitioner appealed to the Superior Court. The Superior Court dismissed petitioner's appeal on February 10, 2011, and denied his motion for reargument on February 27, 2011. Petitioner's next step in appealing his convictions in the Court of Common Pleas was to file an appeal in the Delaware Supreme Court,

7

which he did not do.[2] Instead, he filed three petitions for a writ of mandamus in the Delaware Supreme Court; the first petition was denied on April 26, 2011, the second was denied on April 27, 2011 and the third petition was denied on July 12, 2011. *See Kostyshyn,* 2011 WL 1572566; *Kostyshyn,* 2011 WL 1583308; *Kostyshyn,* 2011 WL 26906357.

In these circumstances, petitioner's conviction became final on March 29, 2011, thirty days after the Superior Court denied petitioner's motion for reargument on February 27, 2011. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a thirty day period for timely filing a notice of appeal). Applying the one-year limitations period to that date, petitioner had until March 29, 2012 to timely file his application. *See Wilson v. Beard,* 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, filed the instant application on February 26, 2013,[3] almost one full year after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time

---

[2]The Delaware Supreme Court lacks jurisdiction to consider an appeal directly from the Court of Common Pleas. *See* Del. Const. art. IV, § 11(b). Consequently, a "criminal defendant convicted and sentenced in the Court of Common Pleas [must] appeal his conviction to the Superior Court. [The Delaware Supreme Court then] has jurisdiction to review the Superior Court's appellate decision." *Kostyshyn v. State,* 803 A.2d 428 (Table), 2002 WL 1472047, at *1 (Del. July 2, 2002). In such cases, the Superior Court sits as an intermediate court of appeals. *See DeLoach v. State,* 2012 WL 2948188 (Del. Super. July 16, 2012).

[3]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney,* 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts February 26, 2013 as the date of filing because that is the date on petitioner's application.

period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, the three petitions for writ of mandamus filed by petitioner do not statutorily toll the limitations period, because a Rule 61 motion is the exclusive method for seeking post-conviction relief. *See* Ct. C. P. Crim. R. 61(a)(2) ("The remedy afforded by this rule may not be sought by a petition for a writ of habeas corpus or in any manner other than as provided herein."). In turn, the Rule 61 motion petitioner filed on April 30, 2013 has no statutory tolling effect because it was filed after the expiration of the limitations period. Accordingly, the application is time-barred unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). The obligation to exercise reasonable diligence "does not pertain solely to the filing of the federal

9

habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Notably, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). In addition, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following "extraordinary" circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159.

Here, petitioner does not allege that any extraordinary circumstances warrant equitably tolling the limitations period. However, the court concludes that equitable tolling of a portion of the limitations period is warranted with respect to petitioner's three petitions for a writ of mandamus. To begin, it appears that all three petitions for a writ of mandamus challenged the legality of petitioner's Court of Commons Pleas convictions, because they requested a (1) "reopening" of the criminal proceedings in Ct. C. Pl. ID No. 0902010151, (2) petitioner's immediate release from prison, and (3) an investigation to correct "miscarriages of justice and abuses and manipulations of the Courts." *In re Kostyshyn*, 2011 WL 1584308, at *1; *In re Kostyshyn*, 2011 WL 2696357, at *1. Considering that the first two mandamus petitions were filed during the thirty day period petitioner had to appeal the Superior Court's denial of his appeal from the Court of Common Pleas, the court recognizes the possibility that petitioner may have been

10

attempting to appeal the Superior Court's decision but incorrectly presented his arguments in petitions for a writ of mandamus. In these circumstances, the court concludes that the three petitions for a writ of mandamus filed between February 2011 and July 2011 provide a basis for equitable tolling the limitations period through July 27, 2011, the date on which the Delaware Supreme Court denied petitioner's motion for re-argument from the denial of his third petition for a writ of mandamus. *See Kostyshyn,* 2011 WL 2696357. In other words, AEDPA's limitations period did not begin to run until July 28, 2011, giving petitioner until July 28, 2012 to file a timely habeas application.

Even with this later starting date, the instant application is time-barred. Notably, when the Delaware Supreme Court denied petitioner's third petition for a writ of mandamus on July 12, 2011, the Delaware Supreme Court explicitly informed petitioner that his sole remedy was to file a Rule 61 motion. Because there is a one-year filing deadline for Rule 61 motions, petitioner had to file his Rule 61 motion by July 28, 2012 in order for it to be considered timely.[4]  Inexplicably, despite the fact that petitioner appears to have filed numerous motions and petitions concerning his other civil and criminal cases in the Delaware State Courts during the relevant time period (July 2011 through July 2012),[5] petitioner failed to timely file a Rule 61 motion in this case.

---

[4]The court uses July 28, 2012 as the relevant date because that is one year from July 28, 2011, the date on which the Delaware Supreme Court denied petitioner's motion for re-argument. If petitioner had filed his Rule 61 motion by July 28, 2012, it would have statutorily tolled AEDPA's limitations period with respect the claims raised in this application.

[5]A quick search of Westlaw reveals that the Delaware state courts ruled on thirteen of petitioner's motions and/or petitions concerning his other cases in the Delaware state courts between July 12, 2011, the date on which he was informed that his sole remedy

11

Finally, to the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

For all of these reasons, the court concludes that the doctrine of equitable tolling does not render the application timely. Accordingly, the court will dismiss the application as time-barred.

## IV. MERITS

Even if the application were timely, the court would deny the application as meritless.

### A. Claim One: Denied Right To Appeal

Petitioner contends that he was denied the right to appeal his Court of Common Pleas convictions. The record belies this assertion. As previously explained, petitioner filed two appeals prior to his sentencing in the Court of Common Pleas: one appeal was filed in the Superior Court and one appeal was filed in the Delaware Supreme Court. *See Kostyshyn*, 2010 WL 3398943, at *1. The Superior Court rejected the notice of appeal because the filing fee was not included. *Id.* The Delaware Supreme Court dismissed its notice of appeal for lack of jurisdiction to hear an appeal directly from the Court of Common Pleas. However, after determining that the Superior Court had erred in rejecting the notice of appeal petitioner had filed in that court, the Delaware Supreme Court ordered the Superior Court to docket petitioner's appeal, effective July 23, 2010. *Id.* at *2. The Superior Court ultimately dismissed petitioner's appeal in February 2011

was to file a Rule 61 motion, and April 30, 2013, the date on which he actually did file his Rule 61 motion.

12

because he failed to either file an application to proceed in forma pauperis or pay the
$100 fee. At that juncture, if petitioner wished to appeal the Superior Court's decision,
he should have filed a notice of appeal in the Delaware Supreme Court. *See
Kostyshyn*, 2002 WL 1472047, at *1 (Del. July 2, 2002). Instead, petitioner filed three
petitions for a writ of mandamus in the Delaware Supreme Court, which the Delaware
Supreme Court denied because petitioner failed to demonstrate that he was entitled to
the extremely limited remedy of mandamus.

In summary, this record demonstrates that petitioner was not denied his right to
appeal. Rather, he failed to use the proper method for appealing his convictions in the
Court of Common Pleas. Accordingly, claim one lacks merit.

### B. Claim Four: Double Jeopardy

Although not entirely clear, claim four appears to allege that petitioner's
misdemeanor convictions in the Court of Common Pleas violate double jeopardy
because the same misdemeanor charges were pending in the Superior Court but were
dismissed as a result of the Attorney General's entry of nolle prosequi in the Superior
Court. This argument lacks merit.

As explained by the United States Supreme Court, "both the history of the
Double Jeopardy Clause and its terms demonstrate that it does not come into play until
a proceeding begins before a trier having jurisdiction to try the question of the guilt or
innocence of the accused. Without risk of a determination of guilt, jeopardy does not
attach, and neither an appeal nor further prosecution constitutes double jeopardy."
*Serfass v. United States*, 420 U.S. 377, 391 (1975). In Delaware, the State is "not
prohibited from reindicting and prosecuting a defendant for the same offense where a

13

nolle prosequi has been entered on those charges." *Bratcher v. State*, 723 A.2d 395 (Table), 1998 WL 984055, at *2 (Del. Nov. 10, 1998); *see* Ct. C. Pl. Crim. R. 48; Del. Code tit. 11, § 207. In other words, a nolle prosequi that is entered before jeopardy attaches neither operates as an acquittal nor prevents further prosecution of the offense.

Here, the misdemeanor charges in ID No. 0902010151 were originally filed in the Court of Common Pleas on February 13, 2009, and remained pending until a jury found petitioner guilty of all charges on May 14, 2010. (D.I. 15, Ct. C. Pl. ID No. 0902010151) However, on March 5, 2009, during the initial stages of the case in the Court of Common Pleas, the attorney representing petitioner at that time filed a conflict letter in the Superior Court. The Superior Court accepted the case on March 9, 2009, but then closed the case on March 10, 2009 when the Attorney General filed a nolle prosequi on the basis that identical charges were simultaneously pending in the Court of Common Pleas. (D.I. 15, Super. Crim. Dkt. ID No. 0902010151 Entry No. 3, "Nolle prosequi filed by Attorney General RSN: Disposition in other court; Case Closed.") The notation on the Superior Court's docket regarding the attorney's conflict letter also states "no action taken – case NOLP 3/10/09." *Id.* at Entry No. 2.

In short, this record demonstrates that the charges against petitioner were not pursued in the Superior Court because the charges had already been filed in, and were pending before, the Court of Common Pleas. The entry of the nolle prosequi in the Superior Court within one day of accepting the case terminated all proceedings in that court well before jeopardy attached. Thus, petitioner's convictions in the Court of

14

Common Pleas do not implicate double jeopardy concerns. *See State v. Dennington*, 145 A.2d 80, 83 (Del. Super. 1958). Accordingly, claim four lacks merit.

## IV. PENDING MOTIONS

Petitioner filed numerous motions during the pendency of this proceeding. The motions are repetitive and fall within the following three categories: (1) request for representation by counsel (D.I. 6; D.I. 12; D.I. 16; D.I. 18; D.I. 19; D.I. 24; D.I. 27; D.I. 28; D.I. 29; D.I. 32); (2) request for the return of all legal and medical records, including all emails, mailing records, and log books (D.I. 16; D.I. 18; D.I. 19; D.I. 21; D.I. 22; D.I. 24); and (3) request to continue the case and be advised of all deadlines (D.I. 24). Having already determined that the instant application does not warrant habeas relief, the court will deny all of the aforementioned pending motions as moot.

However, given the number of petitioner's requests for counsel, the court will briefly address petitioner's assertions in those motions and explain why the motions requesting representation would be denied even if not moot.

Petitioner first asserts that he is automatically entitled to representation by counsel in this proceeding under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). He is mistaken. *Martinez* did not recognize or create an automatic constitutional right to counsel in collateral proceedings. *See Martinez*, 132 S.Ct. at 1319. Rather, *Martinez* held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause in a federal habeas proceeding sufficient to excuse a petitioner's **procedural default** of a substantial claim of ineffective assistance of trial counsel when, under state law, claims of ineffective assistance of trial counsel must be

15

raised in an initial review collateral proceeding rather than on direct appeal. *Id.* at 1321 (emphasis added). Thus, even after *Martinez*, a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman*, 501 U.S. at 752; *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999).

Rather, a court may seek representation by counsel for a petitioner who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require" for "any person financially unable to obtain adequate representation"). Factors to be considered by a court in deciding whether to request a lawyer to represent a petitioner include:  (1) the merits of the petitioner's claim; (2) the petitioner's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; (5) the petitioner's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56 (emphasis added). Notably, a person is only eligible for court appointed counsel if the court is satisfied that the person is "financially unable to obtain counsel." 18 U.S.C. § 3006A(b).

16

Here, petitioner has failed to demonstrate that the interests of justice require the court to provide representation. To begin, petitioner incorrectly presumes that his incarceration automatically demonstrates his financial eligibility for appointed counsel, and he fails to recognize that he has the burden of demonstrating his financial inability to retain counsel on his own behalf. *See United States v. Gravatt*, 868 F.2d 585, 588 (3d Cir. 1989). Notably, petitioner did not file a motion to proceed in forma pauperis in this case or a trust fund account statement demonstrating his financial situation. Additionally, on June 19, 2013, the court took judicial notice that petitioner has "unclaimed monies held by the Superior Court totaling almost $70,000." *Kostyshyn v. Markell*, Civ. A. No. 13-825-SLR, D.I. 29 at 3. For all of these reasons, petitioner has not established his financial inability to obtain counsel on his own.

Petitioner next asserts that his need for counsel is evidenced, in part, by his "prior documented head trauma [and] concussion injury inflicted upon [him] " by correctional officers Julius Davis and Chad Kalodner. (D.I. 16 at 1) He also alleges that he needs counsel because of a medical conditions called chronic coronary syndrome, and he asserts that his need for representation is demonstrated by the fact that the Delaware Superior Court appointed counsel to represent him in his Rule 61 proceeding for Del. Super. Ct. Crim. ID No. 0908020496. (D.I. 16 at 1) Woven within these assertions are petitioner's vague allegations that he suffers from mental health issues. The court liberally construes petitioner's statements as alleging that he requires counsel because he is not competent. However, this argument is unavailing. Federal Rule of Civil Procedure 17(c)(2) provides that the "court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is

17

unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire sua sponte under Rule 17(c)(2) whether a pro se litigant is incompetent to litigate his action and is, therefore, entitled to either appointment of a guardian ad litem or other measures to protect his rights. *See Powell v. Symons,* 680 F.3d 301, 307 (3d Cir. 2012). A district court's obligation under Rule 17(c)(2) is triggered if it is "presented with evidence from an appropriate court of record or a relevant public agency indicating that the party has been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Id.* at 307. However, the court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303. The decision whether to appoint a next friend or guardian ad litem rests within the sound discretion of the district court. *Id.*

In the instant action, petitioner's statements are sufficiently unpersuasive to support a finding of incompetency. There is no documentation that petitioner has been adjudicated incompetent, no verifiable evidence of record regarding petitioner's mental health issues (other than his own statements), and no evidence that petitioner is unable to understand the legal proceedings he has initiated. In fact, petitioner has filed numerous documents in this case which sufficiently address the issues raised in his application. The court also notes that petitioner has initiated, and sustained, more than twenty other proceedings in this court demonstrating his ability to understand his rights and court procedures. Thus, having concluded that there is no substantial question

18

regarding petitioner's competence, the court also concludes that petitioner's medical and mental health allegations do not require the court to provide representation.

Accordingly, the court denies petitioner's motions for representation as moot and, alternatively, as meritless.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is both time-barred and meritless. Reasonable jurists

would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.